IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORTEZ D. GILLUM,
No. B64415

        Petitioner,

  vs.                                        Case No. 15-cv-00870-DRH

KIMBERLY BUTLER,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Cortez D. Gillum is currently incarcerated at Menard Correctional Center, within the judicial district for southern Illinois. He has filed a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, premised upon the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. app. 2.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

*Procedural Background*

In 2002, petitioner was federally convicted of being a felon in possession of a firearm and sentenced to 120 months in prison (consecutive to undischarged state sentences), to be followed by a three-year term of supervised release. *See United States v. Gillum*, Case No. 02-cr-30011 (C.D.Ill. 2002).

Approximately nine months before he <u>was to be released from federal custody, petitioner was transferred to a community treatment center in Missouri. A week or</u> so later, petitioner signed out to go shopping and did not return. A federal arrest warrant was issued in the eastern district of Missouri related to charges stemming from the escape/failure to return. The Bureau of Prisons also tolled the running of the 2002 sentence.

While on the lamb, petitioner shot an East St. Louis, Illinois, police officer in the face. Petitioner was caught and arrested by a team of U.S. Marshals and Illinois State Police, and then transported to Illinois State Police headquarters. Ultimately, petitioner was convicted of attempted first degree murder and other state charges, thus explaining his presence at Menard Correctional Center.

Whether petitioner was arrested by state or federal authorities is not clear, but he was subsequently held in the St. Clair County Jail in Illinois, which is also designated to house federal detainees for the U.S. Marshals Service. Petitioner argues that the U.S. Marshals lodged the detainer with the St. Clair County Jail, he was again in federal custody at a federal holding facility and his time there should be credited toward his 2002 sentence. In the alternative, he contends the

Marshals Service has the authority to re-characterize his time at the St. Clair County Jail as time spent in federal custody.

In further reliance upon the IAD (app. 2, § 2), petitioner contends that he has been denied his right to a speedy trial on the eastern district of Missouri escape charges. Under the IAD, officials have 180 days in which to act upon a prisoner's speedy trial request, and petitioner's May 10, 2015, request/motion to dismiss has gone unanswered. *See* 18 U.S.C. app. 2, § 2, art. III(a). With all that said, documentation attached to the petition suggests that there may not be any escape charges pending (*see* Doc. 1, p. 16), which would mean that there is no longer a valid federal detainer.

*Discussion*

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Arguably, Section 2241 is implicated if petitioner's 2002 federal sentence is being miscalculated. Because it is not entirely clear whether petitioner was in the custody of the U.S. Marshals, and whether there is or ever was a valid federal detainer, the petition must proceed.

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead on or before **October 5, 2015**. This preliminary order to respond does not, of course, preclude the government from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the United

States Attorney for the Southern District of Illinois, 9 Executive Drive, Fairview Heights, Illinois 62208, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Signed this 31st day of August, 2015.**

Digitally signed by David R. Herndon
Date: 2015.08.31 15:36:19 -05'00'

**United States District Judge**