IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORTEZ D. GILLUM,
No. B64415

        Petitioner,

vs.                                               Case No. 15-cv-00870-DRH

KIMBERLY BUTLER,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Cortez D. Gillum is currently incarcerated at Menard Correctional Center, within the judicial district for southern Illinois. He has filed a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, premised upon the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. app. 2. After preliminary review by the Court, the petition was referred for further proceed (Doc. 3). Upon further reflection, the Court's referral was improvidently ordered and will now be vacated. The petition must be dismissed for the following reasons.

*Procedural Background*

In 2002, petitioner was federally convicted of being a felon in possession of a firearm and sentenced to 120 months in prison (consecutive to undischarged state sentences), to be followed by a three-year term of supervised release. *See United States v. Gillum*, Case No. 02-cr-30011 (C.D.Ill. 2002).

Approximately nine months before he was to be released from federal custody, petitioner was transferred to a community treatment center in Missouri. A week or so later, petitioner signed out to go shopping and did not return. A federal arrest warrant was issued in the eastern district of Missouri related to charges stemming from the escape/failure to return. The Bureau of Prisons also tolled the running of the 2002 sentence.

While on the lamb, petitioner shot an East St. Louis, Illinois, police officer in the face. Petitioner was caught and arrested by a team of U.S. Marshals and Illinois State Police, and then transported to Illinois State Police headquarters. Ultimately, petitioner was convicted of attempted first degree murder and other state charges, thus explaining his presence at Menard Correctional Center.

Whether petitioner was arrested by state or federal authorities is not clear, but he was subsequently held in the St. Clair County Jail in Illinois, which is also designated to house federal detainees for the U.S. Marshals Service. Petitioner argues that the U.S. Marshals lodged the detainer with the St. Clair County Jail, he was again in federal custody at a federal holding facility and his time there should be credited toward his 2002 sentence. In the alternative, he contends the Marshals Service has the authority to re-characterize his time at the St. Clair County Jail as time spent in federal custody.

In further reliance upon the IAD (app. 2, § 2), petitioner contends that he has been denied his right to a speedy trial on the eastern district of Missouri escape charges. Under the IAD, officials have 180 days in which to act upon a

prisoner's speedy trial request, and petitioner's May 10, 2015, request/motion to dismiss has gone unanswered. *See* 18 U.S.C. app. 2, § 2, art. III(a). With all that said, documentation attached to the petition suggests that there may not be any escape charges pending (*see* Doc. 1, p. 16), which would mean that there is no longer a valid federal detainer.

*Discussion*

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). As previously noted, arguably, Section 2241 is implicated if petitioner's 2002 federal sentence is being miscalculated. However, Section 2241(c), in pertinent part, limits petitions to prisoners in custody under the authority of the United States, or who are in custody in violation of the Constitution or laws of the United States. Petitioner Gillum is clearly in the custody of the State of Illinois—the Illinois Department of Corrections.

Gillum's petition seeks: (1) the recalculation of his 2002 federal sentence to reflect time served in the St. Clair County Jail; (2) the dismissal of any pending federal criminal charges and any associated detainer(s); (3) an order requiring the Bureau of Prisons to recognize the St. Clair County Jail as a federal facility; and (4) immediate release from the custody of the Bureau of Prisons. *See* Doc. 1, p. 10. These challenges are premature.

Gillum's federal sentence has not been calculated and he is not in federal custody. Thus, the petition is premature and the Court lacks jurisdiction. Other courts have similarly declined to review Section 2241 petitions until the prisoner is in federal custody and the sentence at issue has actually been calculated. *See Evans v. Larkin*, Case No. 11-cv-4706-JFB, 2014 WL 1814122, at *3 (E.D.N.Y. May 7, 2014) (collecting district court cases). Once petitioner has an actual federal sentence and is in federal custody, he can challenge his jail credits via a Section 2241 petition naming his federal custodian—after he has exhausted available administrative remedies.

**IT IS HEREBY ORDERED** that, for the reasons stated, the Court's order of referral (Doc. 3) is **VACATED**. Accordingly, the Illinois Attorney General's motions for clarification (Docs. 6, 7) are **DENIED as moot**, and the United States' involvement in this action and all pending deadlines are similarly **MOOT**.

**IT IS FURTHER ORDERED** that the petition (Doc. 1) is **DISMISSED** without prejudice to a future habeas corpus action.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4) (based on the named respondent being the warden of Menard). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison

trust fund account records for the past six months) irrespective of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Petitioner is further advised that a motion filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended.  A proper and timely Rule 59(e) motion *may* toll the 30-day appeal deadline, but a motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Signed this 23rd day of September, 2015.**

Digitally signed by
David R. Herndon
Date: 2015.09.23
09:54:03 -05'00'

**United States District Judge**